Richard KASSATLY, Plaintiff,

v.

Joseph A. YAZBECK, et al.,
Defendants.

Civ. A. No. 88–3218.

United States District Court,
District of Columbia.

June 22, 1990.

David A. Dopsovic, Henry & Monroig, Robert A. Jaffe, William H. Bode & Associates, Washington, D.C., for plaintiff Kassatly.

Richard C. Shadyac, Shadyac & Shadyac, Arlington, Va., for Yazbeck defendants.

Richard O. Duvall, James Turner, Dunnells, Duvall & Porter, Washington, D.C., for defendant Kaempfer.

## MEMORANDUM OF OPINION AND ORDER

REVERCOMB, District Judge.

This action arises out of the lease and possible sale of The Grand Hotel by Joseph Kaempfer and his various real estate partnerships to Joseph Yazbeck and his business ("Yazbeck defendants"). Plaintiff Richard Kassatly, a former confidant of Joseph Yazbeck, brings this action alleging

that he is entitled to a "finder's fee" for the transaction.

By Memorandum and Order dated March 19, 1990,[1] the Court granted the Kaempfer defendants' motion for summary judgment and dismissed Count II against the Yazbeck defendants. The focus of that motion was the extent of Kassatly's participation in the Grand Hotel transaction—whether Kassatly acted as a "broker" or a mere "finder." Plaintiff's motion for reconsideration examines a different issue—namely, whether a broker involved in the sale of a business, including its real estate,[2] is subject to the District of Columbia's broker licensing requirement. See D.C.Code, § 45–1926(c) (1986 ed.).[3] Plaintiff argues that the District of Columbia excludes a "business chance broker" from its licensing requirements, even if the subject transaction tangentially involves real estate.

The District of Columbia Real Estate Licensure Act of 1982 defined the term "business-chance broker"[4] and required that business-chance brokers be licensed. D.C. Code, §§ 45–1922, 45–1926 (1981 ed.). This legislation was repealed in 1983. D.C.Law 4–209, 30 D.C.Reg. 390 (1983). In 1984, the District amended its licensing statutes, deleting all explicit references to "business-chance brokers." See D.C.Code §§ 45–1921 et seq. (1986 ed.). From this plaintiff argues, there is no licensing requirement for business-chance brokers, even those whose "business opportunities" involve real estate to some degree.

The definitional statute under the 1984 Amendment does not automatically suggest that a "business chance broker" quali-fies as a real estate broker or property manager. See § 45–1922(10), (12) (1986 ed.). However, the licensing statute is quite explicit:

(b)(1) For purposes of this chapter, a person will be performing as a *real estate broker* if:

(A) The person accepts of fee, commission, or other valuable consideration for exchanging, buying, selling, renting, or leasing *real estate or businesses;*

(B) The person negotiates a loan secured by a mortgage, deed of trust, or other encumbrance *on real property or a business;* or

(C) The person is engaged in any activity specified by § 45–1922(12). D.C. Code, § 45–1926 (1986 ed.) (emphasis added).

The legislative history of the 1984 Amendment confirms that the licensing statute was intended to cover "business chance brokers."

*Deletion of Business Chance Broker from the Statute:*

[The Department of Consumer and Regulatory Affairs], the [District of Columbia Real Estate] Commission and Mr. Anthony Mizzer, [a former Real Estate Commissioner], recommended deleting all references to business chance brokers from the statute and eliminating the business chance broker member from the real estate board.

It was their position that the licensure requirements for business chance brokers are identical to those for a real estate broker, therefore they suggested

---

1. See *Kassatly v. Yazbeck,* 734 F.Supp. 13 (D.D.C.1990).

2. Defendants dispute that this transaction was a sale of a business and characterize it as a "real estate deal." Given the Court's reading of the relevant statutes, the Court need not decide how the transaction should be characterized. Even under plaintiff's view of the transaction, Kassatly is barred from suit.

3. "No person engaged in or conducting business, or acting in the capacity of a real estate broker, real estate salesperson, or property manager within the District shall bring or maintain any action in the courts of the District for the collection of compensation for any services performed in that capacity, or for the enforcement of any contract relating to real estate or business without alleging that he or she was duly licensed under this chapter." § 45–1926(c) (1986 ed.).

4. "The term 'business chance broker' means any person, firm partnership, association, copartnership, or corporation, who for compensation, or valuable consideration, sells or offers for sale, buys or offers to buy, leases or offers to lease, or negotiates the purchase, sale, or exchange of a business, business opportunity, or the good will of a business for others." D.C.Code, § 45–1922 (1981 ed.)

streamlining the licensure process by *combining both categories into the real estate broker's license.*

This would provide for better control of the industry and greater protection for the consumer.

The Committee has incorporated this recommendation throughout the provisions of the proposed bill. *Committee [on Consumer and Regulatory Affairs] Report on Bill 5–175,* the "District of Columbia Real Estate Licensure Act of 1984," May 15, 1984, (*"Committee Report"*), p. 6.

(emphasis added).

The legislative intent to consolidate the "business chance" and "real estate" broker categories was reiterated in the Report's Section-by-Section analysis.

The proposed bill recognizes that business chance brokers are licensed as real estate brokers and therefore should be identified as such ... *Committee Report, supra,* at p. 7.

■ Thus, the District of Columbia does not distinguish between "business chance brokers" and "real estate brokers." It does not require an analysis of whether a transaction was a "business opportunity" or a "real estate transaction." Nor does it examine whether real property was a "substantial aspect" of the transaction. Under section 45–1926, a "business chance broker" is a "real estate broker" and is barred from bringing a lawsuit to collect a commission if the broker was not licensed at the time of the transaction.[5] Plaintiff Kassatly was not a licensed real estate broker (or business chance broker) at any time during the Grand Hotel negotiations (1984–1986). He is barred from bringing suit to collect a commission from that transaction. Plaintiff's motion for reconsideration is

DENIED[6] and his complaint is DISMISSED in its entirety.[7]

■ Also at bar are defendant-counterplaintiff Kaempfer's and plaintiff-counterdefendant Kassatly's cross motions for summary judgment on Kaempfer's counterclaim for abuse of process. The counterclaim is based on the theory that Kassatly engaged in an abuse of process by bringing a lawsuit to collect his commission in the absence of a proper license. In light of the deletion of the term "business chance broker" from the relevant statutory scheme, that the definitional statute does not seem to include "business chance brokers" under its terms, that apparently no court in the District has been faced with the legal issues presented in this case, and given the amount of energy spent by the litigants and this Court in resolving the statutory question, plaintiff-counterdefendant's misinterpretation of the licensing statute and his desire to test its validity is not an abuse of process. Throughout this litigation, Kassatly has sincerely believed that he is entitled to compensation for his services. There being no facts demonstrating that plaintiff-counterdefendant Kassatly brought his lawsuit for an improper motive or to achieve an improper end result, Kaempfer's counterclaim fails.

ORDER

For the reasons set forth above, IT IS ORDERED THAT:

Having ruled that the District of Columbia real estate broker licensing requirement applies to "business chance brokers," plaintiff's motion for reconsideration is DENIED, and defendant Yazbeck's motion for summary judgment as to Count II is GRANTED;

Plaintiff-counterdefendant Kassatly's motion for summary judgment as the coun-

---

5. This Court's Memorandum and Order of March 19, 1990 is modified to the extent it may be inconsistent with today's holding. See *Memorandum of Opinion and Order,* March 19, 1990, p. 4 note 7, pp. 4–5; *Kassatly v. Yazbeck,* 734 F.Supp. 13, 15, note 7.

6. The Court rejects plaintiff's claim that section 45–1926 was too vague to give him notice of the

licensing requirement. The statute refers to *business* transactions, regardless of where such references appear in the statute.

7. The Yazbeck defendants also moved for summary judgment as to Count II. In oral argument, plaintiff acknowledged that these claims were based only on the alleged "business chance broker" services provided to Yazbeck.

terclaim for abuse of process is GRANTED and defendant-counterplaintiff Kaempfer's cross motion for summary judgment is DENIED.